CAUSE NO. 2013-20350-158

FILED
DENTON COUNTY, TEXAS
2015 JAN -6 AM 8: 50

BY_____

RECEIVED IN
2nd COURT OF APPEALS
FORT WORTH, TEXAS
04/01/2015 3:35:54 PM
DEBRA SPISAK
Clerk

| | | |
|---|---|---|
| IN THE MATTER OF THE MARRIAGE OF | § § § | IN THE DISTRICT COURT |
| NICOLAS TORRES HERNANDEZ AND LINDA PATRICIA HERNANDEZ | § § § § § | 158TH JUDICIAL DISTRICT |
| AND IN THE INTEREST OF L.N.H. AND N.H. JR., MINOR CHILDREN | § § § § § | DENTON COUNTY, TEXAS |

## FINAL DECREE OF DIVORCE

On December 2, 2014, the Court heard this case.

*Appearances*

Petitioner, Nicolas Torres Hernandez, appeared in person and through attorney of record, Bill Bronson, and announced ready for trial.

Respondent, Linda Patricia Hernandez, appeared in person and announced ready for trial.

Also appearing, was Monica Munera, a licensed court interpreter, who translated the proceedings for Nicolas Torres Hernandez.

*Record*

The record of proceedings was duly reported by Christi Fuhrmann, court reporter for the 158th Judicial District Court.

*Jurisdiction and Domicile*

The Court finds that the pleadings of Petitioner are in due form and contain all the allegations, information, and prerequisites required by law. The Court, after receiving evidence, finds that it has jurisdiction of this case and of all the parties and that at least sixty days have elapsed since the date the suit was filed. The Court further finds that, at the time this suit was filed,

---

Final Decree of Divorce

Petitioner had been a domiciliary of Texas for the preceding six-month period and a resident of the county in which this suit was filed for the preceding ninety-day period. All persons entitled to citation were properly cited.

*Jury*

A jury was waived, and questions of fact and of law were submitted to the Court.

*Divorce*

IT IS ORDERED AND DECREED that Nicolas Torres Hernandez, Petitioner, and Linda Patricia Hernandez, Respondent, are divorced and that the marriage between them is dissolved on the ground of insupportability.

*Children of the Marriage*

The Court finds that Petitioner and Respondent are the parents of the following children of this marriage who are not under the continuing jurisdiction of any other court:

Name: L.N.H.
Sex: Female
Birth date: September 11, 2002
Home state: Texas
Social Security number: xxx-xx-x556
Driver's license number and issuing state: N/A

Name: N.H. Jr.
Sex: Male
Birth date: February 5, 2010
Home State: Texas
Social Security number: xxx-xx-x472
Driver's license number and issuing state: N/A

The Court finds no other children of the marriage are expected.

*Parenting Plan*

The Court finds that the provisions in this decree relating to the rights and duties of the parties with relation to the children, possession of and access to the children, child support, and

optimizing the development of a close and continuing relationship between each party and the children constitute the parenting plan established by the Court.

*Conservatorship*

The Court, having considered the circumstances of the parents and of the children, finds that the following orders are in the best interest of the children.

IT IS ORDERED that Nicolas Torres Hernandez and Linda Patricia Hernandez are appointed Joint Managing Conservators of the following children: L.N.H. and N.H. Jr.

IT IS ORDERED that, at all times, Nicolas Torres Hernandez, as a parent joint managing conservator, shall have the following rights:

1.      the right to receive information from any other conservator of the children concerning the health, education, and welfare of the children;

2.      the right to confer with the other parent to the extent possible before making a decision concerning the health, education, and welfare of the children;

3.      the right of access to medical, dental, psychological, and educational records of the children;

4.      the right to consult with a physician, dentist, or psychologist of the children;

5.      the right to consult with school officials concerning the children's welfare and educational status, including school activities;

6.      the right to attend school activities;

7.      the right to be designated on the children's records as a person to be notified in case of an emergency;

8.      the right to consent to medical, dental, and surgical treatment during an emergency involving an immediate danger to the health and safety of the children; and

9.      the right to manage the estate of the children to the extent the estate has been created by the parent or the parent's family.

IT IS ORDERED that, at all times, Linda Patricia Hernandez, as a parent joint managing conservator, shall have the following rights:

1.    the right to receive information from any other conservator of the children concerning the health, education, and welfare of the children;

2.    the right to confer with the other parent to the extent possible before making a decision concerning the health, education, and welfare of the children;

3.    the right of access to medical, dental, psychological, and educational records of the children;

4.    the right to consult with a physician, dentist, or psychologist of the children;

5.    the right to consult with school officials concerning the children's welfare and educational status, including school activities;

6.    the right to attend school activities;

7.    the right to be designated on the children's records as a person to be notified in case of an emergency;

8.    the right to consent to medical, dental, and surgical treatment during an emergency involving an immediate danger to the health and safety of the children; and

9.    the right to manage the estate of the children to the extent the estate has been created by the parent or the parent's family.

IT IS ORDERED that, at all times, Nicolas Torres Hernandez and Linda Patricia Hernandez, as parent joint managing conservators, shall each have the following duties:

1.    the duty to inform the other conservator of the children in a timely manner of significant information concerning the health, education, and welfare of the children; and

2.    the duty to inform the other conservator of the children if the conservator resides with for at least thirty days, marries, or intends to marry a person who the conservator knows is registered as a sex offender under chapter 62 of the Code of Criminal Procedure or is currently charged with an offense for which on conviction the person would be required to register under that chapter. IT IS ORDERED that this information shall be tendered in the form of a notice made as soon as practicable, but not later than the fortieth day after the date the conservator of the children begins to reside with the person or on the tenth day after the date the marriage occurs, as appropriate. IT IS ORDERED that the notice must include a description of the offense that is the basis of the person's requirement to register as a sex offender or of the offense with which the person is charged. WARNING: A CONSERVATOR COMMITS AN OFFENSE PUNISHABLE AS A CLASS C MISDEMEANOR IF THE CONSERVATOR FAILS TO PROVIDE THIS NOTICE.

IT IS ORDERED that, during his respective periods of possession, Nicolas Torres Hernandez, as parent joint managing conservator, shall have the following rights and duties:

1. the duty of care, control, protection, and reasonable discipline of the children;

2. the duty to support the children, including providing the children with clothing, food, shelter, and medical and dental care not involving an invasive procedure;

3. the right to consent for the children to medical and dental care not involving an invasive procedure; and

4. the right to direct the moral and religious training of the children.

IT IS ORDERED that, during her respective periods of possession, Linda Patricia Hernandez, as parent joint managing conservator, shall have the following rights and duties:

1. the duty of care, control, protection, and reasonable discipline of the children;

2. the duty to support the children, including providing the children with clothing, food, shelter, and medical and dental care not involving an invasive procedure;

3. the right to consent for the children to medical and dental care not involving an invasive procedure; and

4. the right to direct the moral and religious training of the children.

IT IS ORDERED that Nicolas Torres Hernandez, as a parent joint managing conservator, shall have the following rights and duty:

1. the exclusive right to designate the primary residence of the children within Denton County or a contiguous county in the state of Texas.

2. the exclusive right to consent to medical, dental, and surgical treatment involving invasive procedures, with the duty to report same to the other conservator within 72 hours thereafter;

3. the exclusive right to consent to psychiatric and psychological treatment of the children, with the duty to report same to the other conservator within 72 hours thereafter;

4. the exclusive right to make decisions concerning the children's education, with the duty to report same to the other conservator within 72 hours thereafter;

5. the exclusive right to receive and give receipt for periodic payments for the support of the children and to hold or disburse these funds for the benefit of the children;

6.	the independent right to represent the children in legal action and to make other decisions of substantial legal significance concerning the children;

7.	the independent right to consent to marriage and to enlistment in the armed forces of the United States;

8.	except as provided by section 264.0111 of the Texas Family Code, the independent right to the services and earnings of the children;

9.	except when a guardian of the children's estate or a guardian or attorney ad litem has been appointed for the children, the independent right to act as an agent of the children in relation to the children's estate if the children's action is required by a state, the United States, or a foreign government; and

10.	the independent duty to manage the estate of the children to the extent the estate has been created by community property or the joint property of the parents.

IT IS ORDERED that Linda Patricia Hernandez, as a parent joint managing conservator, shall have the following independent rights and duty:

1.	the independent right to represent the children in legal action and to make other decisions of substantial legal significance concerning the children;

2.	the independent right to consent to marriage and to enlistment in the armed forces of the United States;

3.	except as provided by section 264.0111 of the Texas Family Code, the independent right to the services and earnings of the children;

4.	except when a guardian of the children's estate or a guardian or attorney ad litem has been appointed for the children, the independent right to act as an agent of the children in relation to the children's estate if the children's action is required by a state, the United States, or a foreign government; and

5.	the independent duty to manage the estate of the children to the extent the estate has been created by community property or the joint property of the parents.

### Possession and Access

1.	*Standard Possession Order*

The Court finds that the following provisions of this Standard Possession Order are intended to and do comply with the requirements of Texas Family Code sections 153.311 through 153.317. IT IS ORDERED that each conservator shall comply with all terms and conditions of this Standard Possession Order. IT IS ORDERED that this Standard

Possession Order is effective immediately and applies to all periods of possession occurring on and after the date the Court signs this Standard Possession Order. IT IS, THEREFORE, ORDERED:

(a)     Definitions

1.     In this Standard Possession Order "school" means the primary or secondary school in which the children are enrolled or, if the children are not enrolled in a primary or secondary school, the public school district in which the children primarily reside.

2.     In this Standard Possession Order "children" includes each child, whether one or more, who is a subject of this suit while that child is under the age of eighteen years and not otherwise emancipated.

(b)     Mutual Agreement or Specified Terms for Possession

IT IS ORDERED that the conservators shall have possession of the children at times mutually agreed to in advance by the parties, and, in the absence of mutual agreement, it is ORDERED that the conservators shall have possession of the children under the specified terms set out in this Standard Possession Order.

(c)     Parents Who Reside 100 Miles or Less Apart

Except as otherwise explicitly provided in this Standard Possession Order, when Linda Patricia Hernandez resides 100 miles or less from the primary residence of the children, Linda Patricia Hernandez shall have the right to possession of the children as follows:

(1)     Weekends during the regular school term – On weekends during the regular school term, beginning at the time the child's school is regularly dismissed on Friday, on the first, third, and fifth Friday of each month and ending at the time the child's school resumes after that weekend.

(2)     Weekends when the children are not in school – On weekends when the children are not in school, beginning at 6 o'clock p.m. on Friday, on the first, third, and fifth Friday of each month and ending at 6 o'clock p.m. on the following Sunday.

(3)     Weekend Possession Extended by Holiday - Except as otherwise explicitly provided, if a weekend period of possession of Linda Patricia Hernandez coincides with a school holiday during the regular school term, the weekend possession shall begin at the time the child's school is regularly dismissed Thursday for a Friday holiday and shall end at the time the child's school resumes after a Monday holiday. Except as otherwise explicitly provided, if a weekend period of possession of Linda Patricia Hernandez coincides with a federal, state, or local

holiday during the summer months in which school is not in session, the weekend possession shall end at 6:00 p.m. on a Monday holiday.

(4) Spring Break in Even-Numbered Years - In even-numbered years, beginning at the time the children's schools are regularly dismissed for the school's spring vacation and ending at the time the children's schools resume after that vacation.

(5) Extended Summer Possession by Linda Patricia Hernandez -

With Written Notice by April 1 - If Linda Patricia Hernandez gives Nicolas Torres Hernandez written notice by April 1 of a year specifying an extended period or periods of summer possession for that year, Linda Patricia Hernandez shall have possession of the children for thirty days beginning no earlier than the day after the children's school is dismissed for the summer vacation and ending no later than seven days before school resumes at the end of the summer vacation in that year, to be exercised in no more than two separate periods of at least seven consecutive days each, as specified in the written notice. These periods of possession shall begin and end at 6:00 p.m.

Without Written Notice by April 1 - If Linda Patricia Hernandez does not give Nicolas Torres Hernandez written notice by April 1 of a year specifying an extended period or periods of summer possession for that year, Linda Patricia Hernandez shall have possession of the children for thirty consecutive days in that year beginning at 6:00 p.m. on July 1 and ending at 6:00 p.m. on July 31.

Notwithstanding the weekend periods of possession ordered herein for Linda Patricia Hernandez, it is explicitly ORDERED that Nicolas Torres Hernandez shall have a superior right of possession of the children as follows:

1. Spring Break in Odd-Numbered Years - In odd-numbered years, beginning the time the children's schools are regularly dismissed for the school's spring vacation and ending at the time the children's schools resume after that vacation.

2. Summer Weekend Possession by Nicolas Torres Hernandez - If Nicolas Torres Hernandez gives Linda Patricia Hernandez written notice by April 15 of a year, Nicolas Torres Hernandez shall have possession of the children on any one weekend beginning at 6:00 p.m. on Friday and ending at 6:00 p.m. on the following Sunday during any one period of the extended summer possession by Linda Patricia Hernandez in that year, provided that Nicolas Torres Hernandez picks up the children from at the Krum Police Department, located at 146 West McCart, Krum, Texas 76249 and returns the children to that same place and that the weekend so designated does not interfere with Mother's Day Weekend.

3.     Extended Summer Possession by Nicolas Torres Hernandez - If Nicolas Torres Hernandez gives Linda Patricia Hernandez written notice by April 15 of a year or gives Linda Patricia Hernandez fourteen days' written notice on or after April 16 of a year, Nicolas Torres Hernandez may designate one weekend beginning no earlier than the day after the children's school is dismissed for the summer vacation and ending no later than seven days before school resumes at the end of the summer vacation, during which an otherwise scheduled weekend period of possession by Linda Patricia Hernandez shall not take place in that year, provided that the weekend so designated does not interfere with Linda Patricia Hernandez's period or periods of extended summer possession or with Mother's Day Weekend.

(d)     Parents Who Reside More Than 100 Miles Apart

Except as otherwise explicitly provided in this Standard Possession Order, when Linda Patricia Hernandez resides more than 100 miles from the residence of the children, Linda Patricia Hernandez shall have the right to possession of the children as follows:

1.     Weekends - Unless Linda Patricia Hernandez elects the alternative period of weekend possession described in the next paragraph, Linda Patricia Hernandez shall have the right to possession of the children on weekends, beginning at 6:00 p.m., on the first, third, and fifth Friday of each month and ending at 6:00 p.m. on the following Sunday. Except as otherwise explicitly provided in this Standard Possession Order, if such a weekend period of possession by Linda Patricia Hernandez begins on a Friday that is a school holiday during the regular school term or a federal, state, or local holiday during the summer months when school is not in session, or if the period ends on or is immediately followed by a Monday that is such a holiday, that weekend period of possession shall begin at 6:00 p.m. on the Thursday immediately preceding the Friday holiday or school holiday or end at 6:00 p.m. on that Monday holiday or school holiday, as applicable.

Alternate Weekend Possession - In lieu of the weekend possession described in the foregoing paragraph, Linda Patricia Hernandez shall have the right to possession of the children not more than one weekend per month of Linda Patricia Hernandez's choice beginning at 6:00 p.m. on the day school recesses for the weekend and ending at 6:00 p.m. on the day before school resumes after the weekend. Except as otherwise explicitly provided in this Standard Possession Order, if such a weekend period of possession by Linda Patricia Hernandez begins on a Friday that is a school holiday during the regular school term or a federal, state, or local holiday during the summer months when school is not in session, or if the period ends on or is immediately followed by a Monday that is such a holiday, that weekend period of possession shall begin at 6:00 p.m. on the Thursday immediately preceding the Friday holiday or school holiday or end at 6:00 p.m. on that Monday holiday or school holiday, as applicable. Linda Patricia Hernandez may elect an option for this alternative period of weekend possession by giving written notice to Nicolas Torres Hernandez within ninety days after the parties begin to reside more

than 100 miles apart. If Linda Patricia Hernandez makes this election, Linda Patricia Hernandez shall give Nicolas Torres Hernandez fourteen days' written or telephonic notice preceding a designated weekend. The weekends chosen shall not conflict with the provisions regarding Christmas, Thanksgiving, the children's birthdays, and Father's Day Weekend below.

2.      Spring Break in All Years - Every year, beginning at 6:00 p.m. on the day the children are dismissed from school for the school's spring vacation and ending at 6:00 p.m. on the day before school resumes after that vacation.

3.      Extended Summer Possession by Linda Patricia Hernandez -

With Written Notice by April 1 - If Linda Patricia Hernandez gives Nicolas Torres Hernandez written notice by April 1 of a year specifying an extended period or periods of summer possession for that year, Linda Patricia Hernandez shall have possession of the children for forty-two days beginning no earlier than the day after the children's schools are dismissed for the summer vacation and ending no later than seven days before school resumes at the end of the summer vacation in that year, to be exercised in no more than two separate periods of at least seven consecutive days each, as specified in the written notice. These periods of possession shall begin and end at 6:00 p.m.

Without Written Notice by April 1 - If Linda Patricia Hernandez does not give Nicolas Torres Hernandez written notice by April 1 of a year specifying an extended period or periods of summer possession for that year, Linda Patricia Hernandez shall have possession of the children for forty-two consecutive days beginning at 6:00 p.m. on June 15 and ending at 6:00 p.m. on July 27 of that year.

Notwithstanding the weekend periods of possession ordered herein for Linda Patricia Hernandez, it is explicitly ORDERED that Nicolas Torres Hernandez shall have a superior right of possession of the children as follows:

1.      Summer Weekend Possession by Nicolas Torres Hernandez - If Nicolas Torres Hernandez gives Linda Patricia Hernandez written notice by April 15 of a year, Nicolas Torres Hernandez shall have possession of the children on any one weekend beginning at 6:00 p.m. on Friday and ending at 6:00 p.m. on the following Sunday during any one period of possession by Linda Patricia Hernandez during Linda Patricia Hernandez's extended summer possession in that year, provided that if a period of possession by Linda Patricia Hernandez in that year exceeds thirty days, Nicolas Torres Hernandez may have possession of the children under the terms of this provision on any two nonconsecutive weekends during that period and provided that Nicolas Torres Hernandez picks up the children from Linda Patricia Hernandez and returns the children to that same place and that the weekend so designated does not interfere with Mother's Day Weekend.

2. Extended Summer Possession by Nicolas Torres Hernandez - If Nicolas Torres Hernandez gives Linda Patricia Hernandez written notice by April 15 of a year, Nicolas Torres Hernandez may designate twenty-one days beginning no earlier than the day after the children's schools are dismissed for the summer vacation and ending no later than seven days before school resumes at the end of the summer vacation in that year, to be exercised in no more than two separate periods of at least seven consecutive days each, during which Linda Patricia Hernandez shall not have possession of the children, provided that the period or periods so designated do not interfere with Linda Patricia Hernandez's period or periods of extended summer possession or with Mother's Day Weekend.

(e)     Holidays Unaffected by Distance

Notwithstanding the weekend periods of possession of Linda Patricia Hernandez, Nicolas Torres Hernandez and Linda Patricia Hernandez shall have the right to possession of the children as follows:

1. Christmas Holidays in Even-Numbered Years - In even-numbered years, Linda Patricia Hernandez shall have the right to possession of the children beginning at the time the children are dismissed from school for the Christmas school vacation and ending at noon on December 28, and Nicolas Torres Hernandez shall have the right to possession of the children beginning at noon on December 28 and ending at the time school resumes after that Christmas school vacation.

2. Christmas Holidays in Odd-Numbered Years - In odd-numbered years, Nicolas Torres Hernandez shall have the right to possession of the children beginning at the time the children are dismissed from school for the Christmas school vacation and ending at noon on December 28, and Linda Patricia Hernandez shall have the right to possession of the children beginning at noon on December 28 and ending at the time school resumes after that Christmas school vacation.

3. Thanksgiving in Odd-Numbered Years - In odd-numbered years, Linda Patricia Hernandez shall have the right to possession of the children beginning at the time the children are dismissed from school for the Thanksgiving holiday and ending at the time school resumes after that Thanksgiving.

4. Thanksgiving in Even-Numbered Years - In even-numbered years, Nicolas Torres Hernandez shall have the right to possession of the children beginning at the time the children are dismissed from school for the Thanksgiving holiday and ending at the time school resumes after that Thanksgiving.

5. Children's Birthdays - If a parent is not otherwise entitled under this Standard Possession Order to present possession of the children on a child's birthday, that parent shall have possession of the children beginning at 6:00 p.m. and ending at 8:00 p.m. on that day.

6. Father's Day Weekend – Nicolas Torres Hernandez shall have the right to possession of the children each year, beginning at the time the children are dismissed from school for the Father's Day weekend and ending at the time school resumes after that Father's Day.

7. Mother's Day Weekend - Linda Patricia Hernandez shall have the right to possession of the children each year, beginning at the time the children are dismissed from school for the Mother's Day weekend and ending at the time school resumes after that Mother's Day.

(f) Undesignated Periods of Possession

Nicolas Torres Hernandez shall have the right of possession of the children at all other times not specifically designated in this Standard Possession Order for Linda Patricia Hernandez.

(g) General Terms and Conditions

Except as otherwise explicitly provided in this Standard Possession Order, the terms and conditions of possession of the children that apply regardless of the distance between the residence of a parent and the children are as follows:

1. Surrender of Children by Nicolas Torres Hernandez - Nicolas Torres Hernandez shall surrender the children to Linda Patricia Hernandez at the beginning of each exclusive period of Linda Patricia Hernandez's possession designated by this order, at the respective schools in which each of the children is enrolled, if a period of possession begins at the time school is dismissed. If a period of Linda Patricia Hernandez's possession designated by this order begins at a time when school is not in session, Nicolas Torres Hernandez shall surrender the children to Linda Patricia Hernandez at the Krum Police Department, located at 146 West McCart, Krum, Texas 76249;

2. Return of Children by Linda Patricia Hernandez - Linda Patricia Hernandez shall return the children to Nicolas Torres Hernandez, at the end of each exclusive period of Linda Patricia Hernandez's possession designated by this order, at the respective schools in which each of the children is enrolled, if a period of possession ends at the time school begins. If a period of Linda Patricia Hernandez's possession designated by this order ends on a date when school is not in session, Linda Patricia Hernandez shall return the children to Nicolas Torres Hernandez at the Krum Police Department, located at 146 West McCart, Krum, Texas 76249;

3. Personal Effects - Each conservator shall return with the children the personal effects that each of the children brought at the beginning of the period of possession;

4. Designation of Competent Adult - Either parent conservator may designate a competent adult to pick up and return the children, as applicable; a parent conservator or a designated competent adult shall be present when the children are picked up or returned;

5. Inability to Exercise Possession - A parent conservator shall give notice to the person in possession of the children on each occasion that the parent conservator will be unable to exercise that parent conservator's right of possession for a specified period;

6. Written Notice - Written notice, including notice provided by electronic mail or facsimile, shall be deemed to have been timely made if received or, if applicable, postmarked before or at the time that notice is due; and

7. Notice to School and Other Conservator - If a conservator's time of possession of a child ends at the time school resumes and for any reason the child is not or will not be returned to school, the conservator in possession of the child shall immediately notify the school and the other conservator that the child will not be or has not been returned to school.

This concludes the Standard Possession Order.

2. *Duration*

The periods of possession ordered above apply to each child the subject of this suit while that child is under the age of eighteen years and not otherwise emancipated.

3. *Termination of Orders*

The provisions of this decree relating to conservatorship, possession, or access terminate on the remarriage of Linda Patricia Hernandez to Nicolas Torres Hernandez unless a nonparent or agency has been appointed conservator of the children under chapter 153 of the Texas Family Code.

### Travel to Facilitate this Possession Order

Where conservators under this decree reside over 100 miles from each other, the children may travel between conservators by public transportation, in which event, the following provisions shall apply.

a. Nicolas Torres Hernandez is ORDERED to deliver the children at the beginning of each period of possession herein awarded to Linda Patricia Hernandez, to the appropriate transportation terminal in or near Nicolas Torres Hernandez's city of residence.

b. Nicolas Torres Hernandez is Ordered to pick up the children at the termination of each period of possession herein granted to Linda Patricia Hernandez, at the appropriate transportation terminal in or near Nicolas Torres Hernandez's city of residence.

c. Linda Patricia Hernandez is hereby ORDERED to pick up the children at the beginning of each period of possession herein awarded to Linda Patricia Hernandez, at the appropriate transportation terminal in the Father Joint Managing Conservator's city of residence.

d. Linda Patricia Hernandez is ORDERED to deliver the children at the termination of each period of possession herein awarded to Linda Patricia Hernandez to the appropriate transportation terminal in the Linda Patricia Hernandez's city of residence.

e. The expenses of a conservator incurred in traveling to and from an airport, as well as related parking and baggage handling expenses, are the sole responsibility of the conservator delivering or receiving the children at the airport

f. Any conservator who has possession of the children at the time shall notify the other conservator immediately if the children are not placed on a scheduled flight at the beginning or end of a period of possession. IT IS FURTHER ORDERED that if the children should miss a scheduled flight, the conservator having possession the children when the flight is missed shall schedule another non-equipment change flight for the children as soon as possible after the originally scheduled flight and shall pay any additional expense associated with the changed flight and give the other conservator notice of the date and time of that flight.

g. Each Joint Managing Conservator shall provide notice to the other Joint Managing Conservator of the following information:

i. the airport where the Joint Managing Conservator is to surrender the children;

ii. the date and time of the flight on which the children are scheduled to leave the airport near the Joint Managing Conservator's city of residence;

iii. the airline and flight number of the airplane on which the children are scheduled to leave the airport near the Joint Managing Conservator's city of residence.

iv. the airport where the Joint Managing Conservator is to surrender the children;

v. the date and time of the flight on which the children are scheduled to leave the airport near the Joint Managing Conservator's city of residence; and

vi. the airline and flight number of the airplane on which the children are scheduled to leave the airport near the Joint Managing Conservator's city of residence.

h. Each conservator shall make airline reservations for the children only on major commercial passenger airlines on flights having no change of airplanes between the airport of departure and the airport of final arrival (a "non-equipment change flight"). Each conservator shall make airline reservations for the children on flights that depart from a commercial airport near the residence of a Conservator that offers regularly scheduled passenger flights to various cities throughout the United States on major commercial passenger airlines.

i. Nicolas Torres Hernandez shall deliver the children to the airport from which the children are scheduled to leave at the beginning of each period of possession at least one hour before the scheduled departure time. Nicolas Torres Hernandez shall surrender the children to a flight attendant who is employed by the airline and who will be flying on the same flight on which the children are scheduled.

j. Nicolas Torres Hernandez shall take possession of the children at the end of Linda Patricia Hernandez's period of possession at the airport where the children are scheduled to return and at the specific airport gate where the passengers from the children's scheduled flight disembark.

k. Linda Patricia Hernandez shall take possession of the children at the beginning of each period of possession at the airport where the children are scheduled to arrive and at the specific airport gate where the passengers from the children's scheduled flight disembark.

l. Linda Patricia Hernandez, at the end of each period of possession, shall deliver the children to the airport where the children are scheduled to depart at least one hour before the scheduled departure time and surrender the children to a flight attendant who is employed by the airline and who will be flying on the same flight on which the children are scheduled to return.

### Residency Restriction

The Court orders that the residence of the children is restricted to Denton County, or a contiguous county thereto within the state of Texas, until further orders of the Court or by written agreement of the parties filed with the Court.

### Communications and Notices Between Parties

IT IS ORDERED and DECREED that the parties shall communicate with each other by means of text messages or email ONLY, unless otherwise specifically directed by this decree. IT IS FURTHER ORDERED that the quantity of email messages transmitted by each parent to the other parent is hereby limited to no more than one email per day, whether in response to the other party or otherwise; and the quantity of text messages transmitted by each parent to the other parent is hereby limited to no more than two texts per day, and then only related to the subjects of pick-up or drop-off to facilitate exchanges of the children or a child's Emergency Room visit.

*Child Support*

IT IS ORDERED and DECREED that Linda Patricia Hernandez is obligated to pay and shall pay to Nicolas Torres Hernandez child support of $488.95 per month, with the first payment being due and payable on the 1st day of January 2015 and a like payment being due and payable on the 1st day of each month thereafter until the first month following the date of the earliest occurrence of one of the events specified below for another child:

1.  any child reaches the age of eighteen years, provided that the periodic child support payments shall continue to be due and paid until the end of the month in which the child graduates from high school if the child is:

    a.  enrolled:

        1)  under Chapter 25, Education Code, in an accredited secondary school in a program leading toward a high school diploma, the periodic child support payments shall continue to be due and paid until the end of the month in which the child graduates from high school;

        2)  under Section 130.008, Education Code, in courses for joint high school and junior college credit; or

        3)  on a full-time basis in a private secondary school in a program leading toward a high school diploma; and

    b.  complying with:

        1)  the minimum attendance requirements of Subchapter C, Chapter 25, Education Code; or

2)    the minimum attendance requirements imposed by the school in which the child is enrolled, if the child is enrolled in a private secondary school;

2.    any child marries;

3.    any child dies; or

4.    any child's disabilities are otherwise removed for general purposes.

Thereafter, Linda Patricia Hernandez is ORDERED to pay to Nicolas Torrez Hernandez child support of $413.68 per month, with the first payment being due and payable on the first of the next month following the above occurrence and a like payment being due and payable on the 1st day of each month thereafter until the first month following the date of the earliest occurrence of one of the events specified below for the remaining child:

1.    the child reaches the age of eighteen years, provided that the periodic child support payments shall continue to be due and paid until the end of the month in which the child graduates from high school if the child is:

a.    enrolled:

1)    under Chapter 25, Education Code, in an accredited secondary school in a program leading toward a high school diploma, the periodic child support payments shall continue to be due and paid until the end of the month in which the child graduates from high school;

2)    under Section 130.008, Education Code, in courses for joint high school and junior college credit; or

3)    on a full-time basis in a private secondary school in a program leading toward a high school diploma; and

b.   complying with:

     1)   the minimum attendance requirements of Subchapter C, Chapter 25, Education Code; or

     2)   the minimum attendance requirements imposed by the school in which the child is enrolled, if the child is enrolled in a private secondary school;

2.   the child marries;

3.   the child dies; or

4.   the child's disabilities are otherwise removed for general purposes.

<u>Statement on Guidelines</u>

In accordance with Texas Family Code section 154.130, the Court makes the following findings and conclusions regarding the child support order in open court in this case on December 2, 2014:

1.   the amount of child support ordered by the Court is in accordance with the percentage guidelines;

2.   the amount of net resources available to Linda Patricia Hernandez per month is $1,505.42;

3.   the amount of child support payments per month that is computed if the percentage guidelines of section 154.125 of the Texas Family Code are applied to the first $7,500 of Linda Patricia Hernandez's net resources is $376.35;

4.   the percentage applied to the first $7,500 of Linda Patricia Hernandez's net resources for child support by the actual order rendered by the Court is 25 percent; and

5. the monthly cost to Nicolas Torres Hernandez of health insurance for the children is $112.60.

## Withholding from Earnings

IT IS ORDERED that any employer of Linda Patricia Hernandez shall be ordered to withhold from earnings for child support from the disposable earnings of Linda Patricia Hernandez for the support of L.N.H. and N.H. Jr.

IT IS FURTHER ORDERED that all amounts withheld from the disposable earnings of Linda Patricia Hernandez by the employer and paid in accordance with the order to that employer shall constitute a credit against the child support obligation. Payment of the full amount of child support ordered paid by this decree through the means of withholding from earnings shall discharge the child support obligation. If the amount withheld from earnings and credited against the child support obligation is less than 100 percent of the amount ordered to be paid by this decree, the balance due remains an obligation of Linda Patricia Hernandez, and it is hereby ORDERED that Linda Patricia Hernandez pay the balance due directly to the state disbursement unit specified below.

On this date the Court has also signed an order to withhold income for child support.

## Payment

IT IS ORDERED that all payments shall be made through the state disbursement unit at Texas Child Support Disbursement Unit, P.O. Box 659791, San Antonio, Texas 78265-9791, and thereafter promptly remitted to Nicolas Torres Hernandez for the support of the children. IT IS FURTHER ORDERED that each party shall pay, when due, all fees charged to that party by the state disbursement unit and any other agency statutorily authorized to charge a fee.

### Change of Employment

IT IS FURTHER ORDERED that Linda Patricia Hernandez shall notify this Court and Nicolas Torres Hernandez by U.S. certified mail, return receipt requested, of any change of address and of any termination of employment. This notice shall be given no later than seven days after the change of address or the termination of employment. This notice or a subsequent notice shall also provide the current address of Linda Patricia Hernandez and the name and address of his current employer, whenever that information becomes available.

### Clerk's Duties

IT IS ORDERED that, on the request of a prosecuting attorney, the title IV-D agency, the friend of the Court, a domestic relations office, Nicolas Torres Hernandez, Linda Patricia Hernandez, or an attorney representing Nicolas Torres Hernandez or Linda Patricia Hernandez, the clerk of this Court shall cause a certified copy of the order to withhold income for child support to be delivered to any employer.

### *Health Care*

The Court finds that the following provisions of this medical support order are intended to and do comply with the priority requirements of Texas Family Code section 154.182 as follows:

1. **Linda Patricia Hernandez's Responsibility.** It is the intent and purpose of this decree that Linda Patricia Hernandez shall, at all times, pay the cost of health insurance coverage for the children as additional child support. IT IS THEREFORE ORDERED that, as additional child support, Linda Patricia Hernandez shall provide medical support for the parties' children, for as long as child support is payable under the terms of this decree, as set out herein. The Court finds that the amount of child support ordered hereinabove includes the sum of $112.60 as reimbursement to

Nicolas Torres Hernandez for the actual cost of health insurance for the children through his employment.

2.    **Definitions –**

"Health Insurance" means insurance coverage that provides basic medical, dental, and vision health-care services, including usual physician services, office visits, hospitalization, and laboratory, X-ray, and emergency services, that may be provided through a health maintenance organization or other private or public organization, other than medical assistance under chapter 32 of the Texas Human Resources Code.

"Reasonable cost" means the cost of health insurance coverage for a child that does not exceed nine percent of the responsible parent's annual resources as described by the Texas Family Code section 154.062(b).

"Reasonable and necessary health-care expenses not paid by insurance and incurred by or on behalf of a children" include, without limitation, any copayments for office visits or prescription drugs, the yearly deductible, if any, and medical, surgical, prescription drug, mental health-care services, dental, eye care, ophthalmological, and orthodontic charges. These reasonable and necessary health-care expenses do not include expenses for travel to and from the health-care provider or for nonprescription medication.

"Furnish" means:

a.    to hand deliver the document by a person eighteen years or older either to the recipient or to a person who is eighteen years or older and permanently resides with the recipient;

b.    to deliver the document to the recipient by certified mail, return receipt requested, to the recipient's last known mailing or residence address; or

c.  to deliver the document to the recipient at the recipient's last known mailing or residence address using any person or entity whose principal business is that of a courier or deliverer of papers or documents either within or outside the United States.

3.  **Insurance through Nicolas Torres Hernandez's Employment, Union, Trade Association, or Other Organization.** The Court finds that health insurance coverage is available for the children by means a health insurance plan provided through Nicolas Torres Hernandez's employment or membership in a union, trade association, or other organization at a reasonable cost. IT IS THEREFORE ORDERED that Nicolas Torres Hernandez shall, at his sole cost and expense, include the parties' children in Nicolas Torres Hernandez's health insurance coverage through his employer, The City of Carrollton, for as long as it is offered by his employer said employer, other subsequent employer, union, trade association, or other organization. The amount of child support ordered hereinabove includes the sum of $112.60 as reimbursement to Nicolas Torres Hernandez for the actual cost of health insurance for the children through his employment at the time of the signing of this decree.

In the event his employer, union, trade association, or other organization subsequently changes health insurance benefits or carriers, Nicolas Torres Hernandez shall obtain and maintain the same or equivalent health insurance coverage for the benefit of the children through the successor company or through such health insurance plan as is available through other employment, union, trade association, or other organization or other insurance provider. IT IS ORDERED that Nicolas Torres Hernandez shall provide Linda Patricia Hernandez notification of a change in the premium amount with documentation from his employer, union, trade association, or other organization of the cost to Nicolas Torres Hernandez of providing coverage for the children, and

Linda Patricia Hernandez shall reimburse to Nicolas Torres Hernandez, at Nicolas Torres Hernandez's residence address, any and all increases in cost to Nicolas Torres Hernandez for premiums for the children's health insurance coverage, within 10 days following notice thereof.

4. **Secondary Coverage** - IT IS ORDERED that nothing in this order shall prevent either party from providing secondary health insurance coverage for the children at that party's sole cost and expense. IT IS FURTHER ORDERED that if a party provides secondary health insurance coverage for the children, both parties shall cooperate fully with regard to the handling and filing of claims with the insurance carrier providing the coverage in order to maximize the benefits available to the children and to ensure that the party who pays for health-care expenses for the children is reimbursed for the payment from both carriers to the fullest extent possible.

5. **Compliance with Insurance Company Requirements** - Each party is ORDERED to conform to all requirements imposed by the terms and conditions of the policy of health insurance covering the children in order to assure maximum reimbursement or direct payment by the insurance company of the incurred health-care expense, including but not limited to requirements for advance notice to carrier, second opinions, and the like. Each party is ORDERED to attempt to use "preferred providers," or services within the health maintenance organization, if applicable; however, this provision shall not apply if emergency care is required. Disallowance of the bill by a health insurer shall not excuse the obligation of either party to make payment; however, if a bill is disallowed or the benefit reduced because of the failure of a party to follow procedures or requirements of the carrier, IT IS ORDERED that the party failing to follow the carrier's procedures or requirements shall be wholly responsible for the increased portion of that bill.

IT IS FURTHER ORDERED that no surgical procedure, other than in an emergency or one covered by insurance, shall be performed on the children unless the parent consenting to surgery has

first consulted with at least two medical doctors, both of whom state an opinion that the surgery is medically necessary. IT IS FURTHER ORDERED that a parent who fails to obtain the required medical opinions before consent to surgery on a child shall be wholly responsible for all medical and hospital expenses incurred in connection therewith.

7.      **Claims** - Except as provided in this paragraph, the party who is not carrying the health insurance policy covering the children is ORDERED to furnish to the party carrying the policy, within fifteen days of receiving them, any and all forms, receipts, bills, and statements reflecting the health-care expenses the party not carrying the policy incurs on behalf of the children. In accordance with section 1204.251 of the Texas Insurance Code, IT IS ORDERED that the party who is not carrying the health insurance policy covering the children may, at that party's option, file directly with the insurance carrier with whom coverage is provided for the benefit of the children any claims for health-care expenses, including but not limited to medical, hospitalization, and dental costs, and receive payments directly from the insurance company.

The party who is carrying the health insurance policy covering the children is ORDERED to submit all forms required by the insurance company for payment or reimbursement of health-care expenses incurred by either party on behalf of the children to the insurance carrier within fifteen days of that party's receiving any form, receipt, bill, or statement reflecting the expenses.

8.      **Constructive Trust for Payments Received** - IT IS ORDERED that any insurance payments received by a party from the health insurance carrier as reimbursement for health-care expenses incurred by or on behalf of the children shall belong to the party who incurred and paid those expenses. IT IS FURTHER ORDERED that the party receiving the insurance payments is designated a constructive trustee to receive any insurance checks or payments for health-care expenses incurred and paid by the other party, and the party carrying the policy shall endorse and

forward the checks or payments, along with any explanation of benefits received, to the other party within three days of receiving them.

9. **Health Care Expenses Not Paid by Insurance or Cash Medical Support-** Subject to the provisions in paragraph 8 immediately above, IT IS ORDERED that the reasonable and necessary health care expenses, including vision and dental expenses, of the children that are not reimbursed by health insurance or are not otherwise covered by the amount of cash medical support ordered, Linda Patricia Hernandez and Nicolas Torres Hernandez shall pay all reasonable and necessary health-care expenses not paid by insurance or covered by the amount of cash medical support ordered and incurred by or on behalf of the children in the following portions:

a. If the health-care expenses are incurred by using a HMO or PPO plan, in an emergency, or with the written agreement of the other party, Linda Patricia Hernandez is ORDERED to pay 50 percent and Nicolas Hernandez is ORDERED to pay 50 percent.

b. Except in an emergency or if the other parent agreed in writing, if a party incurs health-care expenses for the children by using the services of health-care providers not employed by the HMO or approved by the PPO, the party incurring the services is ORDERED to pay 100 percent and the other party is ORDERED to pay 0 percent.

c. If Nicolas Torres Hernandez provides health insurance for the children through an HMO or a PPO that does not provide coverage for the children where the children resides or have network providers in the area where the children resides, Linda Patricia Hernandez is ORDERED to pay 50 percent and Nicolas Torres Hernandez is ORDERED to pay 50 percent.

d.  If the children are enrolled in a health-care plan that is not an HMO or a PPO, Linda Patricia Hernandez is ORDERED to pay 50 percent and Nicolas Torres Hernandez is ORDERED to pay 50 percent.

e.  If the children were enrolled in a government medical assistance program, government health plan, medical assistance program under chapter 32 of the Texas Human Resources Code or a state children health plan under chapter 62 of the Texas Health and Safety Code and is no longer eligible for coverage in that plan or program, Linda Patricia Hernandez is ORDERED to pay 50 percent and Nicolas Torres Hernandez is ORDERED to pay 50 percent until health insurance is provided for the children or the children are again eligible for enrollment in a government medical assistance program, government health plan, medical assistance program under chapter 32 of the Texas Human Resources Code or a state children health plan under chapter 62 of the Texas Health and Safety Code.

f.  If health care coverage is provided for the children in the form of cash medical support, Linda Patricia Hernandez is ORDERED to pay 50 percent and Nicolas Torres Hernandez is ORDERED to pay 50 percent.

IT IS ORDERED that the party who pays for a health-care expense on behalf of the children shall furnish to the other party, within thirty days of receiving them, all forms, receipts, bills, and explanations of benefits paid reflecting the uninsured portion of the health-care expenses the paying party incurs on behalf of the children. IT IS FURTHER ORDERED that if the paying party furnishes all of these forms, receipts, bills, and explanations of benefits to the nonpaying party within thirty days of receiving them, the nonpaying party shall pay his or her share of the uninsured

portion of the health-care expenses either by paying the health-care provider directly or by reimbursing the paying party at the paying party's last known mailing or residence address for any advance payment exceeding the paying party's share of the expenses no later than thirty days after the nonpaying party receives the following documentation relating to the health-care expense:

a.      a receipt for a prescription,

b.      a receipt for a copayment for health-care services,

c.      a receipt for health-care expenses of a type not covered by the health insurance plan, or

d.      an explanation of benefits stating the benefits paid for all other health-care expenses.

If the paying party does not furnish to the nonpaying party all of the forms, receipts, bills, and explanations of benefits paid reflecting the uninsured portion of a health-care expense the paying party incurred on behalf of the children within thirty days of receiving these documents, IT IS ORDERED that the nonpaying party shall pay his or her share of the uninsured portion of the health-care expense either by paying the health-care provider directly or by reimbursing the paying party at the paying party's last known mailing or residence address for any advance payment exceeding the paying party's share of the expense no later than 120 days after the nonpaying party receives the documentation listed above in this section relating to the health-care expense.

IT IS ORDERED that reasonableness of the charges for health-care expenses shall be presumed when a party is furnished with the applicable documents for the charges and that disallowance of the bill by a health insurer shall not excuse that party's obligation to make payment or reimbursement as otherwise provided herein.

10.     **Notice to Employer** - On this date a Medical Support Notice was signed by the Court. For the purpose of section 1169 of title 29 of the United States Code, the party not carrying the health insurance policy is designated the custodial parent and alternate recipient's representative.

11.     **WARNING** - A PARENT ORDERED TO PROVIDE HEALTH INSURANCE OR TO PAY THE OTHER PARENT ADDITIONAL CHILD SUPPORT FOR THE COST OF HEALTH INSURANCE WHO FAILS TO DO SO IS LIABLE FOR NECESSARY MEDICAL EXPENSES OF THE CHILDREN, WITHOUT REGARD TO WHETHER THE EXPENSES WOULD HAVE BEEN PAID IF HEALTH INSURANCE HAD BEEN PROVIDED, AND FOR THE COST OF HEALTH INSURANCE PREMIUMS OR CONTRIBUTIONS, IF ANY, PAID ON BEHALF OF THE CHILDREN.

12.  **Miscellaneous Health Care Provisions** – (a) Each parent joint managing conservator shall deliver the medications of the children to the other parent joint managing conservator at the beginning of the other parent joint managing conservator's parenting time, unless the medications have been divided by the pharmacist into two containers that provide appropriate dosages and administrations to cover the time with each parent or unless two prescriptions can be obtained. (b) Each parent joint managing conservator shall inform the other parent joint managing conservator of regular health-care appointments in advance, and both conservators may attend. (c) Each parent joint managing conservator must notify the other parent joint managing conservator within two hours of any child's hospital or emergency room visit.

*Miscellaneous Child Support Provisions*

Support as Obligation of Estate

IT IS ORDERED that the provisions for child support in this decree shall be an obligation of the estate of Linda Patricia Hernandez, shall not terminate on the death of Linda Patricia Hernandez,

and the remaining unpaid balance of the child support obligation becomes payable on the date Linda Patricia Hernandez dies. Payments received for the benefit of the children from the Social Security Administration, Department of Veterans Affairs, other governmental agency, or life insurance shall be a credit against this obligation.

### Termination of Orders on Remarriage of Parties

The provisions of this decree relating to current child support terminate on the remarriage of Linda Patricia Hernandez to Nicolas Torres Hernandez unless a nonparent or agency has been appointed conservator of the children under chapter 153 of the Texas Family Code. An obligation to pay child support under this decree does not terminate on the death of Nicolas Torres Hernandez but continues as an obligation to L.N.H. and N.H. Jr.

### *International Travel*

IT IS ORDERED that if a conservator intends to have the children travel outside the United States during the conservator's period of possession of the children, the conservator shall provide written notice to the other conservator. IT IS ORDERED that this written notice shall include all the following:

1.    any written consent form for travel outside the United States that is required by the country of destination, countries through which travel will occur, or the intended carriers;

2.    the date, time, and location of the children's departure from the United States;

3.    a reasonable description of means of transportation, including, if applicable, all names of carriers, flight numbers, and scheduled departure and arrival times;

4.    a reasonable description of each destination of the intended travel, including the name, address, and phone number of each interim destination and the final travel location;

5.    the dates the children is scheduled to arrive and depart at each such destination;

6.      the date, time, and location of the children's return to the United States;

7.      a complete statement of each portion of the intended travel during which the conservator providing the written notice will not accompany the children; and

8.      the name, permanent and mailing addresses, and work and home telephone numbers of each person accompanying the children on the intended travel other than the conservator providing the written notice.

If the intended travel is a group trip, such as with a school or other organization, the conservator providing the written notice is ORDERED to provide with the written notice all information about the group trip and its sponsor instead of stating the name, permanent and mailing addresses, and work and home telephone numbers of each person accompanying the children.

IT IS FURTHER ORDERED that this written notice shall be furnished to the other conservator no less than twenty-one days before the intended day of departure of the children from the United States.

Nicolas Torres Hernandez and Linda Patricia Hernandez are each ORDERED to properly execute the written consent form to travel beyond the territorial limits of the United States and any other form required for the travel by the United States Department of State, passport authorities, foreign nations, travel organizers, school officials, or public carriers; when applicable, to have the forms duly notarized; and, within ten days of that conservator's receipt of each consent form, to deliver the form to the conservator providing the written notice. The parties are ORDERED to exchange passports as is necessary to allow such travel.

IT IS ORDERED that any conservator who violates the terms and conditions of this order shall be liable for all costs incurred due to that person's noncompliance with this order. These costs shall include, but not be limited to, the expense of nonrefundable or non-creditable tickets, the costs

of nonrefundable deposits for travel or lodging, attorney's fees, and all other costs incurred seeking enforcement of any provisions of this order.

### Settlement of Future Disputes

IT IS ORDERED that before filing or setting any hearing in a suit affecting the parent-child relationship, the parties shall attempt in good faith to resolve the dispute in the manner set forth below, except in the case of an emergency, if the suit is to modify child support, if it is alleged that the present circumstances of a child who is the subject of this suit will significantly impair the child's physical health or emotional development, if the suit is to enforce this order, or if, after the date of this order, a party has committed family violence against another party or a child who is the subject of the suit. IT IS ORDERED that a party may file a written objection to the use of this dispute resolution process or to the manner in which the dispute resolution process takes place on the basis that or if, after the date of this order, family violence has been committed by another party against the objecting party or against a child who is the subject of the suit by using the procedures set forth in section 153.0071 of the Texas Family Code.

### Mediation

IT IS ORDERED that before filing or setting any hearing in a suit for modification of the terms and conditions of conservatorship or possession and access of the children, except for in one of the situations listed above, the parties shall mediate the controversy in good faith. IT IS FURTHER ORDERED that the party wishing to modify the terms and conditions of conservatorship or possession and access of the children shall give written notice to the other party of a desire to mediate the controversy. If, within ten days after receipt of the written notice, the other party does not agree to attend mediation or fails without good cause to attend a scheduled mediation of the controversy, the party desiring to modify conservatorship or possession and access shall be released

from the obligation to mediate and shall be free to file suit or proceed with the modification of conservatorship or possession and access. If the parties cannot agree on a mediator within ten days after the other party's receipt of the written notice, IT IS ORDERED that the parties shall request the court with continuing, exclusive jurisdiction under chapter 155 of the Texas Family Code to adjudicate the requested modification of the parenting plan or, if there is no such court and a suit is filed, the court in which the suit is filed to appoint a mediator, who shall then mediate the controversy. If there is no such court with continuing, exclusive jurisdiction and a suit has not been filed, IT IS ORDERED that the parties shall request that the court that rendered the order to be modified appoint a mediator, who shall then mediate the controversy. IT IS ORDERED that the compensation of the mediator shall be divided and borne equally by the parties and shall be paid in advance by the parties to the mediator Neither party shall be required to use mediation before filing a suit to enforce this order. Neither party shall be required to use mediation before filing a suit to modify a child support obligation.

### *Minimizing Disruption*

IT IS ORDERED that each parent joint managing conservator is prohibited from making derogatory remarks about the other parent joint managing conservator or the other parent joint managing conservator's family, within the presence or hearing of either or both of the children. IT IS FURTHER ORDERED that each parent joint managing conservator shall be respectful to the other parent joint managing conservator and the other parent joint managing conservator's family in the presence of the children. The parties are ORDERED to communicate with each other in a polite, civil, and cooperative manner and to attempt to resolve disputes concerning the children with dignity and by focusing on the best interest of the children. IT IS ORDERED that the conservators shall not discuss issues regarding the children in the presence of the children.

*Development of Close and Continuing Relationship with Children*

IT IS ORDERED that each parent joint managing conservator shall optimize the development of a close and continuing relationship with the children the subject of this suit as follows: the conservator not in primary possession of the children will make every effort to contact the children at least once a week to ensure that communication lines remain open between the children and the conservator.

*Medical Notification*

Each party is ORDERED to inform the other party within 24 hours of any medical condition of a child requiring surgical intervention, hospitalization, or both.

Within 30 days after the Court signs this decree, each party is ORDERED to execute -

1.  all necessary releases pursuant to the Health Insurance Portability and Accountability Act (HIPAA) and 45 C.F.R. section 164.508 to permit the other conservator to obtain health-care information regarding the children; and

2.  for all health-care providers of the children, an authorization for disclosure of protected health information to the other conservator pursuant to the HIPAA and 45 C.F.R. section 164.508.

Each party is further ORDERED to designate the other conservator as a person to whom protected health information regarding the children may be disclosed whenever the party executes an authorization for disclosure of protected health information pursuant to the HIPAA and 45 C.F.R. section 164.508.

*Information Regarding Parties*

The information required for each party by section 105.006(a) of the Texas Family Code is as follows:

Name: Nicolas Torres Hernandez

    Social Security number:    xxx-xx-x983

    Driver's license number:    xxxxx475    Issuing state:  Texas

    Current residence address:    2902 Lovers Lane, Krum, Texas 76249

    Mailing address:    P.O. Box 112422, Carrollton, Texas 75006

    Home telephone number:    469-682-5510

    Name of employer:    City of Carrollton

    Address of employment:    1945 E. Jackson Road, Carrollton, Texas 75006

    Work telephone number:    972-466-3000

Name: Linda Patricia Hernandez

    Social Security number:    xxx-xx-x420

    Driver's license number    xxxxx696    Issuing state:  Texas

    Current residence address:    1212 Truelove, Gainesville, Texas 76240

    Mailing address:    P.O. Box 463, Krum, Texas 76240

    Home telephone number:    469-735-3400

    Name of employer:    Red River Family Dental

    Address of employment:    1320 North Grand Avenue, Gainesville, TX 76240

    Work telephone number:    940-222-8700

*Statutory Notices*

EACH PERSON WHO IS A PARTY TO THIS ORDER IS ORDERED TO NOTIFY EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY OF ANY CHANGE IN THE PARTY'S CURRENT RESIDENCE ADDRESS, MAILING ADDRESS, HOME TELEPHONE NUMBER, NAME OF EMPLOYER, ADDRESS OF EMPLOYMENT, DRIVER'S

LICENSE NUMBER, AND WORK TELEPHONE NUMBER. THE PARTY IS ORDERED TO GIVE NOTICE OF AN INTENDED CHANGE IN ANY OF THE REQUIRED INFORMATION TO EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY ON OR BEFORE THE 60TH DAY BEFORE THE INTENDED CHANGE. IF THE PARTY DOES NOT KNOW OR COULD NOT HAVE KNOWN OF THE CHANGE IN SUFFICIENT TIME TO PROVIDE 60-DAY NOTICE, THE PARTY IS ORDERED TO GIVE NOTICE OF THE CHANGE ON OR BEFORE THE FIFTH DAY AFTER THE DATE THAT THE PARTY KNOWS OF THE CHANGE.

THE DUTY TO FURNISH THIS INFORMATION TO EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY CONTINUES AS LONG AS ANY PERSON, BY VIRTUE OF THIS ORDER, IS UNDER AN OBLIGATION TO PAY CHILD SUPPORT OR ENTITLED TO POSSESSION OF OR ACCESS TO A CHILD.

FAILURE BY A PARTY TO OBEY THE ORDER OF THIS COURT TO PROVIDE EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY WITH THE CHANGE IN THE REQUIRED INFORMATION MAY RESULT IN FURTHER LITIGATION TO ENFORCE THE ORDER, INCLUDING CONTEMPT OF COURT. A FINDING OF CONTEMPT MAY BE PUNISHED BY CONFINEMENT IN JAIL FOR UP TO SIX MONTHS, A FINE OF UP TO $500 FOR EACH VIOLATION, AND A MONEY JUDGMENT FOR PAYMENT OF ATTORNEY'S FEES AND COURT COSTS.

Notice shall be given to the other party by delivering a copy of the notice to the party by registered or certified mail, return receipt requested. Notice shall be given to the Court by delivering a copy of the notice either in person to the clerk of this Court or by registered or certified mail addressed to the clerk at 1450 E. McKinney St., Denton, Texas 76209-4524. Notice shall be given

to the state case registry by mailing a copy of the notice to State Case Registry, Contract Services Section, MC046S, P.O. Box 12017, Austin, Texas 78711-2017.

*Notice to Peace Officers*

NOTICE TO ANY PEACE OFFICER OF THE STATE OF TEXAS: YOU MAY USE REASONABLE EFFORTS TO ENFORCE THE TERMS OF CHILD CUSTODY SPECIFIED IN THIS ORDER. A PEACE OFFICER WHO RELIES ON THE TERMS OF A COURT ORDER AND THE OFFICER'S AGENCY ARE ENTITLED TO THE APPLICABLE IMMUNITY AGAINST ANY CLAIM, CIVIL OR OTHERWISE, REGARDING THE OFFICER'S GOOD FAITH ACTS PERFORMED IN THE SCOPE OF THE OFFICER'S DUTIES IN ENFORCING THE TERMS OF THE ORDER THAT RELATE TO CHILD CUSTODY. ANY PERSON WHO KNOWINGLY PRESENTS FOR ENFORCEMENT AN ORDER THAT IS INVALID OR NO LONGER IN EFFECT COMMITS AN OFFENSE THAT MAY BE PUNISHABLE BY CONFINEMENT IN JAIL FOR AS LONG AS TWO YEARS AND A FINE OF AS MUCH AS $10,000.

*Statutory Warnings*

WARNINGS TO PARTIES: FAILURE TO OBEY A COURT ORDER FOR CHILD SUPPORT OR FOR POSSESSION OF OR ACCESS TO A CHILD MAY RESULT IN FURTHER LITIGATION TO ENFORCE THE ORDER, INCLUDING CONTEMPT OF COURT. A FINDING OF CONTEMPT MAY BE PUNISHED BY CONFINEMENT IN JAIL FOR UP TO SIX MONTHS, A FINE OF UP TO $500 FOR EACH VIOLATION, AND A MONEY JUDGMENT FOR PAYMENT OF ATTORNEY'S FEES AND COURT COSTS.

FAILURE OF A PARTY TO MAKE A CHILD SUPPORT PAYMENT TO THE PLACE AND IN THE MANNER REQUIRED BY A COURT ORDER MAY RESULT IN THE PARTY'S NOT RECEIVING CREDIT FOR MAKING THE PAYMENT.

FAILURE OF A PARTY TO PAY CHILD SUPPORT DOES NOT JUSTIFY DENYING THAT PARTY COURT-ORDERED POSSESSION OF OR ACCESS TO A CHILD. REFUSAL BY A PARTY TO ALLOW POSSESSION OF OR ACCESS TO CHILDREN DOES NOT JUSTIFY FAILURE TO PAY COURT-ORDERED CHILD SUPPORT TO THAT PARTY.

### *Division of Marital Estate*

The Court finds that the following is a just and right division of the parties' marital estate, having due regard for the rights of each party and the children of the marriage.

#### Property to Husband

IT IS ORDERED AND DECREED that the husband, Nicolas Torres Hernandez, is awarded the following as his sole and separate property, and the wife, Linda Patricia Hernandez, is divested of all right, title, interest, and claim in and to that property:

H-1.    All household furniture, furnishings, fixtures, goods, art objects, collectibles, appliances, and equipment in the possession of the husband or subject to his sole control, unless express provision is made in this decree to the contrary.

H-2.    All clothing, jewelry, and other personal effects in the possession of the husband or subject to his sole control, unless express provision is made in this decree to the contrary.

H-3.    Personal belongings of husband, currently in the possession of wife, including family photos, spurs, belts, 4 pairs of boots, Texoma hat, other hats, gloves, work uniforms, cologne, 2 watches, titles to vehicles, shirts, socks, underwear, undershirts, pants, T-shirts, and other clothing. Wife is ORDERED to return said property upon husband's request.

H-4. All sums of cash in the possession of the husband or subject to his sole control, including funds on deposit, together with accrued but unpaid interest, in banks, savings institutions, or other financial institutions, which accounts stand in the husband's sole name or from which the husband has the sole right to withdraw funds or which are subject to the husband's sole control.

H-5. All funds on deposit in North Star Bank account number ending in 9305, currently jointly standing in the names of Nicolas Hernandez and Linda P. Hernandez.

H-6. All sums, whether matured or unmatured, accrued or unaccrued, vested or otherwise, together with all increases thereof, the proceeds therefrom, and any other rights related to any profit-sharing plan, retirement plan, Keogh plan, pension plan, employee stock option plan, employee stock purchase plan, 401(k) plan, employee savings plan, accrued unpaid bonuses, disability plan, or other benefits existing by reason of the husband's past, present, or future employment, including, but not limited to, balances of the retirement plan accounts currently standing in the name of Nicolas Torres Hernandez and held by Nationwide Retirement Solutions, Inc. [457(b) plan] and Texas Municipal Retirement System.

H-7. All policies of life insurance (including cash values) insuring the husband's life.

Debts to Husband

IT IS ORDERED AND DECREED that the husband, Nicolas Torres Hernandez, shall pay, as a part of the division of the estate of the parties, and shall indemnify and hold the wife, Linda Patricia Hernandez, and her property harmless from any failure to so discharge, these items:

H-1. One-Half (50%) of the mortgage foreclosure deficiency balance in the total sum of $119,325.39 presently due and owing on that certain promissory due note executed by Nicolas Hernandez and Linda Hernandez payable to Mark Piplard and Thais Montes-De-Oca.

H-2.   The following debts, charges, liabilities, and obligations:

a. View Point Bank Credit Card Acct. # ending in 7924

b. Capital One Credit Card Acct. # ending in 5318

c. Capital One Credit Card Acct. # ending in 9372

d. Bank of Nevada Acct # ending in1033-01

e. Debt to Central Financial Control/RHD Hospital, incurred by husband in the approximate present sum of $1,320.81.

f. Debt to Medical Imaging of Dallas, incurred by husband and wife in the approximate present sum of $235.00.

g. Debt to Texas Medical Resources incurred by husband in the approximate present sum of $189.40.

h. Debt to Texas Radiology, incurred by husband in the approximate present sum of $45.62.

i. Debt to Denton Radiology, incurred by husband in the approximate present sum of $21.96.

j. Debt to Bank of America, incurred by husband in the approximate present sum of $9,179.40.

k. Debt to Medical Clinic of N. Texas, incurred by husband in the approximate present sum of $321.00.

l. Debt to Trinity Medical Center, incurred by husband in the approximate present sum of $228.00.

m.  Debt to Roman Hernandez, incurred by husband and wife in the approximate present sum of $1,800.00.

n. Debt to Maria de Jesus Perez, incurred by husband and wife in the approximate present sum of $2,000.00.

m. Debt to Emilio Hernandez, incurred by husband and wife in the approximate present sum of $2,000.00.

o. Debt to Jaime Hernandez, incurred by husband and wife in the approximate present sum of $19,000.00.

H-3. Any and all other debts, charges, liabilities, and obligations which stand in the sole name of husband, unless express provision is made in this decree to the contrary.

H-4. The balance due, including principal, interest, and all other charges, on the loan issued on September 29, 2011 in the original principal sum of $12,000.00 with a projected payoff date of August 30, 2016, secured by the Nationwide Retirement Solutions, Inc 457(b) plan in the name of Nicolas Torres Hernandez.

H-5. Any and all debts, charges, liabilities, and other obligations incurred solely by the husband from and after April 17, 2013, unless express provision is made in this decree to the contrary.

H-6. All encumbrances, ad valorem taxes, liens, assessments, or other charges due or to become due on the property awarded to the husband in this decree unless express provision is made in this decree to the contrary.

Property to Wife

IT IS ORDERED AND DECREED that the wife, Linda Patricia Hernandez, is awarded the following as her sole and separate property, and the husband, Nicolas Torres Hernandez, is divested of all right, title, interest, and claim in and to that property:

W-1. All household furniture, furnishings, fixtures, goods, art objects, collectibles, appliances, and equipment in the possession of the wife or subject to her sole control, unless express provision is made in this decree to the contrary.

W-2. All clothing, jewelry, and other personal effects in the possession of the wife or subject to her sole control, unless express provision is made in this decree to the contrary.

W-3. All sums of cash in the possession of the wife or subject to her sole control, including funds on deposit, together with accrued but unpaid interest, in banks, savings institutions, or other

financial institutions, which accounts stand in the wife's sole name or from which the wife has the sole right to withdraw funds or which are subject to the wife's sole control.

W-4.    All sums, whether matured or unmatured, accrued or unaccrued, vested or otherwise, together with all increases thereof, the proceeds therefrom, and any other rights related to any profit-sharing plan, retirement plan, Keogh plan, pension plan, employee stock option plan, employee stock purchase plan, 401(k) plan, employee savings plan, accrued unpaid bonuses, disability plan, or other benefits existing by reason of the wife's past, present, or future employment, including, but not limited to, balances of the retirement plan accounts currently standing in the name of Linda Patricia Hernandez and held by TRS of Texas and Institutional Securities Corp.

W-5.    The balance of the TSA Public School variable annuity which currently stands in the name of Linda Hernandez and administered by AXA Equitable Life Insurance Company.

W-6.    All policies of life insurance (including cash values) insuring the wife's life.

Debts to Wife

W-1.  One-Half (50%) of the mortgage foreclosure deficiency balance in the total sum of $119,325.39 presently due and owing on that certain promissory due note executed by Nicolas Hernandez and Linda Hernandez payable to Mark Piplard and Thais Montes-De-Oca.

W-2.    The following debts, charges, liabilities, and obligations:

a. Debt to Family Care Center, incurred by wife, in the approximate present sum of $350.13.

b. Debt to Quest Diagnostics, incurred by wife, in the approximate present sum of $1,337.56.

W-3.    Any and all debts, charges, liabilities, and obligations debts and liabilities which stand in the sole name of wife, unless express provision is made in this decree to the contrary.

W-4. Any and all debts and liabilities due and owing to members of wife's extended family, whether incurred by wife, husband, or husband and wife jointly, unless express provision is made in this decree to the contrary.

W-5. Any and all debts, charges, liabilities, and other obligations incurred solely by the wife from and after April 17, 2013, unless express provision is made in this decree to the contrary.

W-6. All encumbrances, ad valorem taxes, liens, assessments, or other charges due or to become due on the property awarded to the wife in this decree, unless express provision is made in this decree to the contrary.

Confirmation of Separate Property

The following is hereby confirmed as the separate property of the Petitioner, Nicolas Torres Hernandez:

H-1. The 2002 Chevrolet Cutway Van motor vehicle, vehicle identification number 1GBHG31R221157592, together with all prepaid insurance, keys, and title documents.

H-2. The 2006 Nissan Armada motor vehicle, vehicle identification number 5N1AA08A46N7029092001, together with all prepaid insurance, keys, and title documents.

Notices

IT IS ORDERED AND DECREED that each party shall send to the other party, within three days of its receipt, a copy of any correspondence from a creditor or taxing authority concerning any potential liability of the other party.

Attorney's Fees

To effect an equitable division of the estate of the parties and as a part of the division, and for services rendered in connection with conservatorship and support of the children, each party shall be

responsible for his or her own attorney's fees, expenses, and costs incurred as a result of legal representation in this case.

### Liability for Federal Income Taxes for Prior Year

IT IS ORDERED AND DECREED that Nicolas Torres Hernandez and Linda Patricia Hernandez shall be equally responsible for all federal income tax liabilities of the parties from the date of marriage through December 31, 2013, and each party shall timely pay 50 percent of any deficiencies, assessments, penalties, or interest due thereon and shall indemnify and hold the other party and his or her property harmless from 50 percent of such liabilities unless such additional tax, penalty, and/or interest resulted from a party's omission of taxable income or claim of erroneous deductions. In such case, the portion of the tax, penalty, and/or interest relating to the omitted income or claims of erroneous deductions shall be paid by the party who earned the omitted income or proffered the claim for an erroneous deduction. Nothing contained herein is intended to be construed as a waiver of any rights that a party has under the "Innocent Spouse" provisions of the Internal Revenue Code.

### Treatment/Allocation of Community Income for Year of Divorce

IT IS ORDERED AND DECREED that, for the calendar year 2014, each party shall file an individual income tax return in accordance with the Internal Revenue Code.

IT IS ORDERED AND DECREED that for calendar year 2014, each party shall indemnify and hold the other party and his or her property harmless from any tax liability associated with the reporting party's individual tax return for that year unless the parties have agreed to allocate their tax liability in a manner different from that reflected on their returns.

IT IS ORDERED AND DECREED that each party shall furnish such information to the other party as is requested to prepare federal income tax returns for 2014 within thirty days of

receipt of a written request for the information, and in no event shall the available information be exchanged later than March 1, 2015. As requested information becomes available after that date, it shall be provided within ten days of receipt.

IT IS ORDERED AND DECREED that each party shall preserve for a period of seven years from the date of divorce all financial records relating to the community estate. Each party is ORDERED to allow the other party access to these records to determine acquisition dates or tax basis or to respond to an IRS examination within five days of receipt of written notice from the other party. Access shall include the right to copy the records.

IT IS ORDERED AND DECREED that all payments made to the other party in accordance with the allocation provisions for payment of federal income taxes contained in this Final Decree of Divorce are not deemed income to the party receiving those payments but are part of the property division and necessary for a just and right division of the parties' estate.

*Undivided Assets and Liabilities*

IT IS ORDERED AND DECREED that any assets of the parties not awarded or divided by this Final Decree of Divorce are subject to future division as provided in the Texas Family Code.

IT IS FURTHER ORDERED AND DECREED, as a part of the division of the estate of the parties, that any community liability not expressly assumed by a party under this decree is to be paid by the party incurring the liability, and the party incurring the liability shall indemnify and hold the other party and his or her property harmless from any failure to so discharge the liability.

*Indemnification*

In the event a party has incurred any outstanding debt, obligation, or other liability on which the other party is or may be liable, other than those described in this decree, IT IS ORDERED that if any claim, action, or proceeding is hereafter initiated seeking to hold the party who did not incur a

debt, an obligation, a liability, an act, or an omission of the other party liable for such debt, obligation, liability, act or omission of the other party, that other party will, at his or her sole expense, defend the party who did not incur the debt, obligation, liability, act, or omission of the other party against any such claim or demand, whether or not well founded, and will indemnify the party who did not incur the debt, obligation, liability, act, or omission of the other party and hold him or her harmless from all damages resulting from the claim or demand.

Damages, as used in this provision, includes any reasonable loss, cost, expense, penalty, and other damage, including without limitation attorney's fees and other costs and expenses reasonably and necessarily incurred in enforcing this indemnity.

IT IS ORDERED that the indemnifying party shall reimburse the indemnified party, on demand, for 100% of any payment made by the indemnified party at any time after the entry of the divorce decree to satisfy a judgment of any court of competent jurisdiction or in accordance with a bona fide compromise or settlement of claims, demands, or actions for any damages to which this indemnity relates.

The Court further finds that each party is liable for half of certain of the above debts which are designated above as having been incurred by both husband and wife. If one of the above creditors attempts to collect the above debts(s) from either party, IT IS ORDERED that the other party shall indemnify and hold that party harmless for half of the amount owed and/or collected. IT IS ORDERED that the indemnifying party will reimburse the indemnified party, on demand, for half of any payment made by the indemnified party at any time after the entry of this divorce decree to satisfy a judgment of any court of competent jurisdiction or in accordance with a bona fide compromise or settlement of claims, demands, or actions for any damages to which this indemnity relates.

IT IS FURTHER ORDERED that each party shall give the other party prompt written notice of any litigation threatened or instituted against either party that might constitute the basis of a claim for indemnity under this decree.

*Transfer of Property*

This decree shall serve as a muniment of title to transfer ownership of all property awarded to any party in this Final Decree of Divorce.

*Court Costs*

IT IS ORDERED AND DECREED that costs of court are to be borne by the Respondent, Linda Patricia Hernandez.

*Resolution of Temporary Orders*

IT IS ORDERED AND DECREED that Petitioner and Respondent are discharged from all further liabilities and obligations imposed by the temporary order of this Court rendered on July 3, 2013.

IT IS FURTHER ORDERED AND DECREED that any employer of NICOLAS TORRES HERNANDEZ shall cease to withhold income in accordance with any prior orders or administrative writs of withholding previously issued in this case.

*Discharge from Discovery Retention Requirement*

IT IS ORDERED AND DECREED that the parties and their respective attorneys are discharged from the requirement of keeping and storing the documents produced in this case in accordance with rule 191.4(d) of the Texas Rules of Civil Procedure.

*Release of Attorney*

The Court finds that the attorney for the Petitioner has fulfilled his obligation to represent the Petitioner upon entry of this Final Decree of Divorce with the Court. Therefore, IT IS ORDERED

AND DECREED that, Bill Bronson of The Bronson Law Firm, P.C., counsel for Petitioner, shall carry no further obligation to represent Petitioner in this cause of action.

### Clarifying Orders

Without affecting the finality of this Final Decree of Divorce, this Court expressly reserves the right to make orders necessary to clarify and enforce this decree.

### Relief Not Granted

IT IS ORDERED AND DECREED that all relief requested in this case and not expressly granted is denied. This is a final judgment, for which let execution and all writs and processes necessary to enforce this judgment issue. This judgment finally disposes of all claims and all parties and is appealable.

### Date of Judgment

SIGNED on _____.

_____
STEVE BURGESS
Judge, 158th Judicial District Court
Denton County, Texas